JIA SHAN OU, Petitioner,

v.

Michael B. MUKASEY, Attorney General,[1] Respondent.

No. 07–2923–ag.

United States Court of Appeals, Second Circuit.

Jan. 16, 2008.

Michael Brown, New York, New York, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division, Francis W. Fraser, Senior Litigation Counsel, Monica G. Antoun, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondents.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROBERT A. KATZMANN, Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Jia Shan Ou, a native and citizen of the People's Republic of China, seeks review of a June 18, 2007 order of the BIA affirming the November 30, 2005 decision of Immigration Judge ("IJ") Douglas B. Schoppert denying his applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Jia Shan Ou,* No. A98 355 925 (B.I.A. Jun. 18, 2007), *aff'g* No. A98 355 925 (Immig. Ct. N.Y. City Nov. 30, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA upholds the IJ's denial of relief, but affirms only portions of the IJ's decision, we review the IJ's decision as modified by the BIA. *See Dong Gao v. BIA,* 482 F.3d 122, 125 (2d Cir.2007). Here, although the IJ found that Ou was not credible, the BIA specifically found

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael Mukasey is automatically substituted for former Acting Attorney General Peter D. Keisler as a respondent in this case.

that the IJ did not make an adverse credibility determination. Therefore, we assume Ou's credibility. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). Accordingly, our review is limited to the issue of whether the agency properly found that Ou's divorce from his first wife and his residence in China without any threat of sterilization by the Chinese government rebutted the presumption of a well-founded fear of persecution under 8 C.F.R. § 1208.13(b)(1)(ii).

We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. I.N.S.,* 386 F.3d 66, 73 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't. of Justice,* 494 F.3d 296, 305 (2d Cir.2007). Nevertheless, we may vacate and remand for new findings when we determine that the agency's reasoning, or its fact-finding process, is sufficiently flawed. *See, e.g., Cao He Lin v. U.S. Dep't. of Justice,* 428 F.3d 391, 406 (2d Cir.2005). We review *de novo* questions of law, including what quantum of evidence will suffice to discharge an applicant's burden of proof. *See, e.g., Secaida–Rosales v. I.N.S.,* 331 F.3d 297, 307 (2d Cir.2003).

We conclude that, even assuming that Ou had demonstrated that he was persecuted in the past,[2] the agency did not err in determining that any presumption of a well-founded fear of persecution was rebutted. The regulations provide that an asylum applicant who has established past persecution is presumed to have a well-founded fear of persecution, which may be rebutted if "[t]here has been a fundamental change in circumstances such that the applicant no longer has a well-founded fear of persecution in [his] country of nationality." 8 C.F.R. § 1208.13(b)(1)(i)(A). Here, the agency found that Ou's divorce from his first wife, coupled with his residence in China for eight years after his release from detention, unharmed and unthreatened by the government, rebutted the presumption that he had a well-founded fear of persecution. The legal significance of a divorce for a petitioner claiming eligibility for asylum based on family planning violations remains unsettled in this Circuit. *See Lin Zhong v. U.S. Dep't. of Justice,* 480 F.3d 104, 131 n. 28 (2d Cir. 2007) (acknowledging that the BIA has never addressed how a divorce affected such asylum claims, but declining to reach that question). In the case at hand, however, Ou's divorce was not the sole basis for the agency's finding that Lin's presumption of a well-founded fear had been rebutted. Rather, both the IJ and the BIA found noteworthy Ou's testimony that he continued to live in China for eight years after his wife's sterilization without further problems with the government. More significantly, Ou has never asserted that the Chinese government threatened to sterilize or harm him in any way. *Cf. Lin Zhong,* 480 F.3d at 131. Indeed, nothing in the record indicates that the government has any continued interest in targeting Ou for his violation of the family planning policy. The Government properly argues that Ou's claim that he will be sterilized is too speculative to warrant relief. *See Jian Xing Huang v. U.S.I.N.S.,* 421 F.3d 125, 129 (2d Cir.2005). Accord-

---

**2.** Pursuant to *Shi Liang Lin v. U.S. Dep't. of Justice,* 494 F.3d 296 (2d Cir.2007), Ou is not *per se* eligible for asylum based on his wife's forced sterilization. However, Ou's case is not governed exclusively by our holding in *Shi Liang Lin,* as the agency apparently concluded that Ou suffered past persecution not only because of his wife's forced sterilization, but also because he was himself fined, arrested, detained, and beaten while in custody.

ingly, the agency did not err in concluding that Ou no longer has a well-founded fear of persecution in China.

Because Ou was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on his claim for CAT relief, where both claims were based on his family planning violations. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

In his brief to this Court, Ou does not challenge the BIA's finding that he failed to demonstrate a likelihood of persecution based on his illegal departure from China, nor does he argue the merits of his claim for withholding of removal. Because issues not argued in the briefs are considered waived and normally will not be addressed on appeal, we deem this claim abandoned. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).